**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMS HEALTH SCIENCES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VAUGHN FEATHER, an individual, )<br>)<br>Defendant. ) | Case No. CIV-05-1522-M |

**ORDER**

Before the Court is defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer, filed January 9, 2006. On February 17, 2006, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff is a corporation with its principal place of business in Oklahoma City, Oklahoma, and defendant resides in Carmel, California. In 1998, defendant and LifeScience Technologies, Inc. ("LST") entered into an agreement ("LST Agreement") in which defendant would sell his rights to certain allegedly proprietary products, technologies, and formulas in exchange for royalty payments based on sales of the products ("Products") by LST. LST paid royalties to defendant until 2000. When the royalty payments ceased, defendant brought suit in Florida against LST.

In January, 2001, Advantage Marketing Systems ("AMS")[1] acquired LST. As part of this acquisition, AMS acquired the LST Agreement. As a result of AMS' acquisition of LST, defendant amended his Florida lawsuit to include AMS as a defendant. The lawsuit was ultimately settled, and on or about February 18, 2002, defendant entered into a royalty agreement with AMS memorializing

---

[1]Plaintiff is the designated corporate name for the entity formerly known as AMS.

the terms of the settlement agreement. Plaintiff has brought the instant action to determine the proprietary nature of the Products and to determine whether it is required to continue the royalty payments to defendant.

II.     Discussion

Defendant has moved to dismiss this action for (1) lack of personal jurisdiction, (2) improper venue, and (3) failure to state a claim upon which relief may be granted. Alternatively, defendant moves to transfer this action to the United States District Court for the Northern District of California.

A.     Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material:

> the plaintiff need only make a prima facie showing that jurisdiction exists. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Id.* (internal citations omitted).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Id.* Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution; consequently, "the personal

jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Id.*

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Id.* (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The "minimum contacts" standard may be met in two ways: general jurisdiction or specific jurisdiction. A court may assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Intercon*, 205 F.3d at 1247 (internal quotations and citation omitted). Whether a defendant has purposefully directed his activities "turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff. . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1420 (10th Cir. 1988) (internal quotations and citation omitted).

Defendant asserts that he does not have the requisite "minimum contacts" with the Western District of Oklahoma for this Court to exercise personal jurisdiction over him. Specifically, defendant states that he is a resident of California, has never been a resident of Oklahoma, does not own any property in Oklahoma, does not and has never owned or operated a business in Oklahoma, is not registered to do business in Oklahoma, and pays no taxes of any kind in Oklahoma. Plaintiff, on the other hand, asserts that this Court has specific jurisdiction over defendant based upon his contacts with Oklahoma in relation to the royalty agreement at issue. Specifically, plaintiff presents evidence that within the last five years, defendant has appeared voluntarily in Oklahoma on several different occasions purportedly to assist plaintiff in its business endeavors, including allegedly

consulting with defendant on a range of issues related to the development and sale of the Products. Further, plaintiff has presented evidence that defendant delivered a key note address at plaintiff's July, 2001 convention, which was held in Oklahoma City.

Having carefully reviewed the parties' submissions, the Court finds that it has specific jurisdiction over defendant. Specifically, the Court finds that defendant has purposefully directed his activities at residents of Oklahoma, and that the case at bar results from alleged injuries that relate to those activities. Defendant made a number of trips to Oklahoma in relation to the royalty agreement at issue in this case; as defendant states in his January 10, 2002 letter, "I have made at least a half dozen trips to AMS's corporate office (some at my own expense) to offer advise [sic], strategies and new product and program concepts." January 10, 2002 Letter, attached as Exhibit 2 to plaintiff's response. The Court, thus, finds that plaintiff has satisfied its burden of establishing that this Court has specific jurisdiction over defendant.

Even if a court has found specific jurisdiction over a defendant, it must still consider whether the exercise of personal jurisdiction over the defendant would "offend traditional notions of fair play and substantial justice." *Intercon*, 205 F.3d at 1247 (internal quotations and citation omitted). "This inquiry requires a determination of whether the district court's exercise of personal jurisdiction over defendant is reasonable in light of the circumstances surrounding the case." *Id.* In deciding whether the exercise of jurisdiction is reasonable, a court should consider the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policy.

*Id.* at 1249.

Having reviewed the parties' submissions, and having considered the above factors, the Court finds that the exercise of jurisdiction over defendant is reasonable. First, the Court finds that there would be minimal burden on defendant. Second, the Court finds Oklahoma has a manifest interest in providing a forum in which Oklahoma corporations can obtain redress caused by injuries inflicted by out of state actors. Third, the Court finds that, as set forth below, Oklahoma is the more convenient forum for plaintiff and seems to be the most efficient place to litigate the dispute.

Accordingly, for the reasons set forth above, the Court finds that it has personal jurisdiction over defendant and that the instant action should not be dismissed on this basis.

B.      Improper Venue

Defendant asserts that venue is improper in this district under 28 U.S.C. § 1391(a). Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).[2]

Having carefully reviewed the parties' submissions, the Court finds that venue is proper in this district because a substantial part of the events or omissions giving rise to plaintiff's claim occurred in Oklahoma and a substantial part of the property that is the subject of this action is

---

[2] The parties do not dispute that defendant resides in California and that this action could have been brought in the United States District Court for the Northern District of California.

situated in Oklahoma. Specifically, the Court finds that the sale and distribution of the Products is conducted from plaintiff's Oklahoma City-based offices and all prior royalty payments were generated in Oklahoma. Further, the Court finds that the Products are located in Oklahoma.

Accordingly, the Court finds that venue is proper in this district and that the case at bar should not be dismissed on this basis.

### C.    Failure to State a Claim

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted).

Defendant asserts that the Petition for Declaratory Judgment does not set forth how plaintiff is a party to the agreement at issue. Upon review of the Petition for Declaratory Judgment, and viewing all well-pleaded facts in the light most favorable to plaintiff, the Court finds that plaintiff has sufficiently alleged that it is a party to the agreement at issue. Accordingly, the Court finds that the case at bar should not be dismissed on this basis.

### D.    Motion to Transfer

Finally, in the alternative, defendant moves this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Northern District of California. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted).  "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)).

Having carefully reviewed the parties' submissions, the Court finds that the convenience of the parties, the convenience of the witnesses, and the interest of justice do not weigh strongly in favor of defendant.  Although it is clear that California would be a more convenient forum for defendant – defendant resides in California and none of defendant's potential witnesses and documents are located in Oklahoma – it is also clear that Oklahoma would be a more convenient forum for plaintiff – plaintiff's principal place of business is in Oklahoma and all of plaintiff's documents and witnesses are located in Oklahoma.  Shifting the inconvenience from one party to another is not a permissible justification for transferring the case.  *Scheidt v. Klein*, 956 F.2d 963,

966 (10th Cir. 1992).

Accordingly, the Court finds that this case should not be transferred to the United States District Court for the Northern District of California.

III.    Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer [docket no. 4].

**IT IS SO ORDERED this 19th day of April, 2006.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE